(No. 4035 )

BETTY HEALY MASON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 16, 1948.*

BROWNING AND PARKIN, and J. ALBERT CAGNEY, of Counsel for Claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for Respondent.

Eckert, C. J.

On September 25, 1946, the claimant, Betty Healy Mason, while employed as a clerk-stenographer in the Chicago office of the Factory Inspection Division of the Department of Labor, slipped on the polished office floor and sustained a fractured neck of the right femur. She seeks compensation under the Workmen's Compensation Act for temporary total disability and for total and permanent loss of use of her right leg.

At the time of the accident the employer and employee were operating under the provisions of the Workmen's Compensation Act of this State, and notice of the accident and claim for compensation were made within the time provided by the act. The accident arose out of and in the course of claimant's employment. All hospital, medical, and surgical care has been furnished by the respondent.

At the hearing before Commissioner Blumenthal, claimant testified that she was still suffering pain; that she still has difficulty in walking; that she can not walk without a cane; that she has difficulty getting up and down stairs; and that she tires very quickly. She stated that she was unable to carry on her regular office work; that she has tried to do typewriting at home, but that even when sitting the pain starts in her right hip and goes down the leg. Occasionally her right foot swells, and becomes stiff. She has not worked since the accident.

Dr. Charles B. Puestow, testifying on behalf of the claimant, stated that he first examined her on the afternoon following the accident; that she then had a deformity of the right lower extremity with external rotation and inability to move the entire extremity, a rather typical picture of a fractured neck of a femur. X-rays

confirmed the diagnosis, and claimant was placed in traction for three days to overcome muscle spasm, at which time an operation was performed reducing the fracture and fixing it with a Smith-Peterson Nail. The claimant remained hospitalized until November 11, 1946, and remained continuously under the care of Dr. Puestow until November 12, 1947. Dr. Puestow stated that the union showed no permanent disability, but that claimant would have some limitation of motion resulting largely from disuse and from the scarring of soft tissue which occurs after such an injury and after a long disability.

The record also discloses a report from Dr. M. G. Luken, made at the request of the respondent. Dr. Luken reported that the flange inserted for the reduction showed no absorption; that movements of inversion, eversion, and flexion were excellent; that in about 85% of the cases the flanges remain permanent and cause no disturbance, but that in 15% of the cases absorption takes place, necessitating the removal of the flange Dr. Luken stated that in his opinion claimant was making a splendid recovery, but that she did have a permanent disability of approximately 50%.

From the testimony, and the reports in the record, and from the recommendation of the Commissioner who observed claimant at the hearing, the court finds that claimant was temporarily totally disabled from September 25, 1946 to November 12, 1947, a period of 59 weeks. Claimant's salary for the year preceding the injury was $2,004.00, making her weekly compensation $38.53. Her compensation rate would therefore be the maximum of $15 00; since the injury occurred subsequent to July 1, 1945, this must be increased 20% making a compensation rate of $18.00 per week. Claimant is thus entitled

to an award for temporary total disability of 59 weeks at $18.00 per week, or $1,062.00.

Claimant has also suffered a 50% permanent loss of use of her right leg, for which she is entitled to an award of 95 weeks at $18.00 per week, or $1,710.00. Claimant, however, was paid her regular wages of $38.53 per week from the date of the accident until May 31, 1947, or a total of $1,370.92, for non-productive time. This sum must be deducted from her award.

A. M. Rothbart & Associates were employed to take and transcribe the evidence at a hearing before Commissioner Blumenthal. Charges in the amount of $42.95 were incurred for these services, which charges are fair, reasonable, and customary.

An award is therefore entered in favor of A. M Rothbart & Associates in the amount of $42.95, which is payable forthwith; and an award is entered in favor of the claimant, Betty Healy Mason, in the total amount of $2,772.00, from which sum must be deducted the sum of $1,370.92 paid to her for non-productive time, leaving a balance of $1,401.08 payable to her in weekly installments of $18.00 per week, beginning March 19, 1948 for a period of 77 weeks, with an additional final payment of $15.08.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."